**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **PATRICIA LEDFORD,** | : | |
| | : | **Civil Action File No.** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **NEELAM INVESTMENTS,** | : | |
| **INC., d/b/a HAPPY FOOD** | : | |
| **MART, JASVINDER BAGGA** | : | |
| **and BABLOO BAGGA,** | : | |
| | : | |
| **Defendants.** | : | |

---

## COMPLAINT

---

Plaintiff Patricia Ledford ("Ledford") brings this Complaint against Neelam Investments, Inc., d/b/a Happy Food Mart ("Neelam"), Jasvinder Bagga ("J. Bagga") and Babloo Bagga ("B. Bagga") and shows the Court as follows:

### INTRODUCTION

1.

This is an FLSA case. Plaintiff, who worked as a cashier in Defendants' convenience store, brings this action because Defendants failed to pay her minimum wage on multiple occasions and failed to pay her overtime compensation as set forth in the FLSA on any occasion during her tenure as their employee.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Neelam is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

4.

Ledford resides in Rockdale County, Georgia.

5.

Neelam employed Ledford as a cashier in and around Forest Park Georgia from December 16, 2013 through and until May 9, 2015.

6.

At all times material hereto, Ledford has been an "employee" of Neelam as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about December 16, 2013 through May, 9, 2015, Neelam was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA §§ 6(a) and 7(a)(1), 29 U.S.C. §§ 206 (a) and 207(a)(1).

8.

During 2013, Neelam had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

9.

During 2014, Neelam had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

10.

During 2015, Neelam had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

11.

At all times material hereto, the convenience store in which Ledford worked sold products that had been produced outside the state of Georgia, including food stuffs, soft drinks and alcoholic beverages.

12.

During 2013, Neelam had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

13.

During 2014, Neelam had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During 2015, Neelam had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, Neelam had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

During 2014, Neelam had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

During 2015, Neelam had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

At all times material hereto, Neelam has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

19.

Neelam is subject to the personal jurisdiction of this Court.

20.

Neelam may be served with process through its registered agent Palak K. Patel at 6075 Hickory Springs Drive, Norcross, Georgia 30071.

21.

J. Bagga resides within Gwinnett County Georgia.

22.

At all times material hereto, J. Bagga exercised operational control over the work activities of Ledford.

23.

At all times material hereto, J. Bagga was involved in the day to day operation of the convenience store in which Ledford worked.

24.

At all times material hereto, Neelam vested J. Bagga with supervisory authority over Ledford.

25.

At all times material hereto, J. Bagga exercised supervisory authority over Ledford.

26.

At all times material hereto, J. Bagga scheduled Ledford's working hours or supervised the scheduling of Ledford's working hours.

27.

At all times material hereto, J. Bagga exercised authority and supervision over Ledford's compensation.

28.

At all times material hereto, J. Bagga has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

29.

J. Bagga is subject to the personal jurisdiction of this Court.

30.

J. Bagga may be served with process at his residence located at 6075 Hickory Springs Drive, Norcross, Georgia 30071-3482.

31.

B. Bagga resides within Gwinnett County Georgia.

32.

At all times material hereto, B. Bagga exercised operational control over the work activities of Ledford.

33.

At all times material hereto, B. Bagga was involved in the day to day operation of the convenience store in which Ledford worked.

34.

At all times material hereto, Neelam vested B. Bagga with supervisory authority over Ledford.

35.

At all times material hereto, B. Bagga exercised supervisory authority over Ledford.

36.

At all times material hereto, B. Bagga scheduled Ledford's working hours or supervised the scheduling of Ledford's working hours.

37.

At all times material hereto, B. Bagga exercised authority and supervision over Ledford's compensation.

38.

At all times material hereto, B. Bagga has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

39.

B. Bagga is subject to the personal jurisdiction of this Court.

40.

B. Bagga may be served with process at his residence located at 6075 Hickory Springs Drive, Norcross, Georgia 30071-3482.

FACTUAL ALLEGATIONS

41.

At all times material hereto, Ledford was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

42.

At all times material hereto, Defendants sole form of compensation to Ledford was a regular hourly rate of $8.00.

43.

Except as otherwise shown herein and at all times material hereto, Defendants paid Ledford a regular hourly rate of $8.00 for all time that Ledford worked, including work performed in excess of 40 hours a week.

44.

At all times material hereto, Neelam did not employ Ledford in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

45.

At all times material hereto, Neelam did not employ Ledford in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

46.

At all times material hereto, Neelam did not employ Ledford in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

47.

At all times material hereto, Neelam did not employ Ledford in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

48.

At all times material hereto, Ledford was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

## COUNT I — FAILURE TO PAY MINIMUM WAGE

### 49.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 50.

At all times material hereto, Ledford has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

### 51.

Ledford worked 90 hours for Defendants during the pay period ending January 12, 2014.

### 52.

For the pay period ending January 12, 2014, Defendants required that Ledford reimburse them $350 because of a purported cash shortage.

### 53.

As a result of Defendants' requirement that Ledford reimburse them for the shortage, Defendants failed to compensate Ledford at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

### 54.

Defendants' requirement that Ledford reimburse them for the shortage violated the free and clear requirement of the FLSA.

55.

Ledford worked 54.25 hours for Defendants during the pay period ending May 3, 2015.

56.

Defendants issued Ledford a paycheck for the pay period ending May 3, 2015, and then subsequently directed the financial institution at which their payroll account was based to stop payment on that check.

57.

As a result of Defendants' instruction to stop payment on their payroll check, Defendants failed to compensate Ledford at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

58.

Ledford worked 44.25 hours for Defendants during the pay period ending May 9, 2015.

59.

For the pay period ending May 9, 2015 Defendants failed to compensate Ledford at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

60.

Ledford is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

61.

As a result of the underpayment of minimum wages as alleged above Ledford is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

As a result of the underpayment of minimum wages, Defendants are liable to Ledford for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II — FAILURE TO PAY OVERTIME

63.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

64.

At all times material hereto, Ledford has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

65.

During her employment with Defendants, Ledford regularly worked in excess of forty (40) hours each week.

66.

During her employment with Defendants, Ledford regularly worked seven days a week, accumulating 45-65 hours worked each week.

67.

Defendants failed to pay Ledford at one and one half times her regular rate for work in excess of forty (40) hours in any week from December 16, 2013 through and until May 9, 2015.

68.

Defendants willfully failed to pay Ledford at one and one half times her regular rate for work in excess of forty (40) hours in any week from December 16, 2013 through and until May 9, 2015.

69.

Ledford is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of the underpayment of overtime compensation as alleged above, Ledford is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

71.

As a result of the underpayment of overtime compensation as alleged above, Ledford is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff Patricia Ledford prays:

1.  That she be awarded an amount to be determined at trial against Defendants, jointly and severally, in due but unpaid minimum wages due under the FLSA, plus an additional like amount in liquidated damages;

2.  That she be awarded an amount to be determined at trial against Defendants, jointly and severally, in due but unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages; and

3.  That she be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants; jointly and severally, and

4.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
FITZPATRICK & BENJAMIN, LLC

/s/Charles R. Bridgers
3100 CENTENNIAL TOWER                CHARLES R. BRIDGERS
101 MARIETTA STREET                  GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3150                       /s/ Kevin D. Fitzpatrick, Jr.
(404) 979-3170 (f)                   KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com      GA. BAR NO. 262375
charlesbridgers@dcbflegal.com
                                     COUNSEL FOR PLAINTIFF