# SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "the Agreement") is made and entered into by and between Patricia Ledford (hereinafter referred to as "Ledford") and Neelam Investments, Inc. (hereinafter referred to as "Neelam,"), Jasvinder Bagga (hereinafter referred to as "J. Bagga") and Babloo Bagga (hereinafter referred to as "B. Bagga") (together, Neelam, J. Bagga and B. Bagga hereinafter referred to as "Defendants").

## I.

For and in consideration of the execution and non-revocation of this Agreement by Ledford, Defendants agree to provide a lump sum payment in the gross amount of Thirteen Thousand Nine Hundred Forty Eight Dollars and Ninety Two Cents ($13,948.92) payable as follows: (i) a check made payable to Patricia Ledford in the gross amount of Four Thousand Two Hundred Eighty Six Dollars and 96/100 Cents ($4,286.96), less all legally required withholding taxes and payroll deductions (calculated on the basis of the Form W-4 already on file for Ledford) as payment for claimed but disputed lost wages for which Defendants will issue or cause to be issued an IRS Form W-2; (ii) a check made payable to Patricia Ledford in the gross amount of Four Thousand Six Hundred Sixty One Dollars and 96/100Cents ($4,661.96), as payment for claimed but disputed non-wage damages, from which no withholdings will be made and for which Defendants will issue or cause to be issued an IRS 1099 categorizing this

_PL initials_

amount as "box 3" other income; and (iii) a check made payable to Kevin D. Fitzpatrick, Jr., in the gross amount of Five Thousand Dollars and 00/100 Cents ($5,000.00), for which Defendants will issue or cause to be issued an IRS Form 1099. These payments are provided in settlement of Ledford's claims against Neelam, J. Bagga and B. Bagga and/or all of their affiliated companies and representatives, as set forth in the lawsuit filed with the United States District Court for the Northern District of Georgia, bearing case number 1:15-CV-2003-AT, captioned *Patricia Ledford v. Neelam Investments, Inc., d/b/a Happy Food Mart, Jasvinder Bagga and Babloo Bagga* (the "Lawsuit"). Delivery of the aforementioned settlement checks shall be made to Ledford's counsel of record, Kevin D. Fitzpatrick Jr., Esq., within a reasonable time, not to exceed ten (10) days following Court approval of the Agreement. Within five (5) business days of receipt of the funds provided herein Ledford will file a Stipulation of Dismissal With Prejudice in the Lawsuit.

## II.

For and in consideration of the agreements and commitments set forth above, the receipt and sufficiency of which are hereby acknowledged, Ledford does hereby knowingly and voluntarily release and forever discharge Neelam, J. Bagga and B. Bagga any corporate parent(s), subsidiaries and affiliates, and their officers, directors, employees (current and former), shareholders, attorneys, servants and agents, together with their successors and assigns (hereinafter

_____ PL initials

collectively referred to as the "Releasees") from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demands whatsoever, in law or in equity (hereinafter collectively referred to as "claims"), arising under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.*

III.

Ledford warrants that as of the time of execution of this Agreement, Ledford has not assigned or transferred any claims of any nature that she would otherwise have against Releasees. Ledford further acknowledges that she has received all payments and benefits that she is entitled to receive by virtue of any employment with Neelam, J. Bagga or B. Bagga including, but not limited to, payment for any and all wages, salary, bonuses, overtime compensation, meal and/or rest breaks, earned or accrued vacation and/or personal days owed to her by Neelam and/or J. Bagga and/or B. Bagga up to the moment of her execution of this Agreement.

IV.

Ledford shall be responsible for the payment of any and all local, state, and/or federal taxes which may be attributable to the payments described above and indemnifies and holds Releasees harmless from any and all tax consequences, including interest and/or penalties, arising out of the payments described in Paragraph I above. The parties acknowledge that no representations have been

3                                   PL initials

68  or are made herein by or to any signatory to this Agreement regarding the tax
69  consequences of this Agreement.

70  
71                                              V.
72       Ledford acknowledges that no promise or inducement for this Agreement
73  has been offered or made, except as herein set forth, and this Agreement contains
74  the full terms of the agreement between Ledford and Defendants.

75                                              VI.
76  
77       Ledford consents and agrees that she will not directly or indirectly, orally or
78  in writing, disparage Neelam, J. Bagga or B. Bagga, their services, products,
79  employees (current and former), representatives, agents and/or attorneys in any
80  way or interfere in any way with relationships Neelam, and/or J. Bagga and/or B.
81  Bagga have with their clients/customers and/or employees.  J. Bagga and B. Bagga
82  agree that they will not directly or indirectly, orally or in writing, disparage Ledford,
83  her work performance, integrity or character or in any way interfere with a
84  relationship Ledford may have with an employer or entity to which Ledford has
85  applied for employment.

86                                              VII.
87  
88       It is further understood and agreed that this Agreement is entered into
89  voluntarily by both parties, and that the payment and benefits conferred
90  herein are not to be construed as an admission of liability on the part of the
91  persons, corporations and entities hereby released, by whom liability is

_PL initials_

expressly denied.

## IX.

This Agreement shall be binding upon Ledford, her heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through Ledford based or founded upon any of the claims released herein.  Ledford acknowledges that this Agreement is made and entered into in the State of Georgia and shall, in all respects, be interpreted, enforced and governed under the laws of said State.  All terms of this Agreement shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

## X.

In the event either party pursues legal action in an attempt to enforce the terms of this Agreement, the prevailing party in such action shall be entitled to her or its reasonable attorneys' fees and costs.

## XI.

Should any word, phrase, clause, sentence or paragraph of this Agreement be deemed unenforceable by a competent court of law, the enforceability of the remainder of the Agreement shall be unaffected.

## XII.

This Agreement constitutes the entire agreement between Ledford and Neelam, J. Bagga and B. Bagga pertaining to the subjects contained in it and supersedes any and all prior and/or contemporaneous agreements,

_PL initials

representations, or understandings, written or oral. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular whatsoever except in writing duly executed by Ledford and an authorized representative of Neelam, J. Bagga and B. Bagga. This Agreement is intended to fully, completely and forever resolve all disputes based upon events, omissions or acts occurring on or prior to the time of its execution as well as all other issues or claims in any way arising out of or connected with any prior employment of Kent with Wagner and/orThompson or the termination of that employment.

IN WITNESS WHEREOF,

Patricia Ledford sets her hand and seal this 14th day of August 2015.

_____
Patricia Ledford

Neelam Investments, Inc. Jasvinder Bagga and Babloo Bagga set their hands and seals this 31st day of August 2015.

_____
On behalf of Neelam Investments, Inc.
By: _____   Its   Owner

_____
Jasvinder Bagga

_____
Babloo Bagga

6

PL initials